UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gerald Allen Perry, )
)
    Plaintiff, )
)
v. ) Civ. Action No. 19-637 (UNA)
)
United States Supreme Court *et al.*, )
)
    Defendants. )
)

## MEMORANDUM OPINION

Plaintiff Gerald Perry, proceeding *pro se*, sues the United States Supreme Court, the United States Court of Appeals for the Fifth Circuit, and the United States District Court for the Southern District of Texas for various constitutional and other violations stemming from their rulings in his various appeals and other court proceedings. *See* Compl. at 1, Dkt. 1. For example, he alleges that "[t]he United States Supreme Court or the Justices thereof have invidiously discriminated against [him] . . . by denying him equal [j]ustice under the law on his petition for certiorari." *Id.* at 12. He alleges that a Texas state judge "ma[de] a sham of [his] writ of Habeas Corpus proceedings" because she was once a prosecutor in the same district, *id.* at 13, and she "colluded" with others to "deny [him] Habeas Corpus relief," *id.* at 16. Perry also argues that the "District Court of Harris County, Texas . . . denied[him] the full and [e]qual benefit of the law" because his indictment was based on a lie by a particular witness. *Id.* at 19. He argues that the Fifth Circuit Court of Appeals discriminated against Perry by "administering justice with an uneven hand." *Id.* at 20. And he broadly condemns the "Judicial Branch" for

1

"continuing to incarcerate" him without complying with various procedural protections. *Id.* at 19. He seeks damages and a "mandate of equal treatment." *Id.* at 12.

All of the named defendants, however, enjoy absolute immunity to the extent Perry seeks monetary damages. A judge performing a "judicial act" is protected by absolute immunity from suit unless there is a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356, 357 (1978) (internal quotation marks omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." (internal quotation marks omitted)); *see also Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981); *Chambers v. Gesell*, 120 F.R.D. 1, 3 n.6 (D.D.C. 1988); *Miller v. Johnson*, 541 F. Supp. 1165, 1175–77 (D.D.C. 1982). The complaint does not come close to establishing that the defendants acted "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 (internal quotation marks omitted). And the alleged misconduct stemmed from judicial acts. The Supreme Court has explained that "whether an act by a judge is a judicial one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (internal quotation marks omitted and alteration adopted). Perry takes issue with judicial rulings that were clearly "function[s] normally performed by a judge," and which resulted from the actions of parties who "dealt with the judge[s] in [their] judicial capacity." *Id.* (internal quotation marks omitted).

Finally, Perry cannot prevail on any claim for a "mandate of equal treatment," Compl. at 12, which the Court construes as a request for equitable relief. It is well established that equitable relief is not available where there is "an adequate remedy at law." *Hill v. Traxler*, 550

F. App'x 1, 2 (D.C. Cir. 2013) (collecting cases). Here, "appellate and post-judgment review of [Perry's] conviction" provided that "adequate remedy at law for his claims." *Id.*

Accordingly, the Court dismisses this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). A separate order accompanies this memorandum opinion.

April 17, 2019

United States District Judge